Deaderick, J.,
delivered the opinion of the Court.
*11 Dunnaway was a Constable in Bedford county, and defendant in error placed in bis hands for collection, an execution against M. P. Gentry.
The plaintiff in error not having made proper return of the execution, the defendant in error entered a motion for judgment against him in the Circuit Court of Bedford, county:
1. For failure to make due and proper return of the execution.
2. For an insufficient return.
3. And also for failure to pay over money collected by him upon said execution.
The return of the officer upon the execution is simply “not satisfied.” This is clearly an insufficient return, and rendered the officer liable to a motion for the default. Alias and pluries executions were subsequently issued, and after their issuance partial payments were made thereon.
For failure to return, or for an insufficient return of an execution, the Constable is liable for the amount due upon the exeecution, and twelve and a half per cent, damages. Code, 3594.
The amount due upon the execution, which is the process issued to enforce the satisfaction of the judgment, is the amount of the judgment for the debt, with the interest computed upon it from the day of the rendition until it is satisfied, and the costs.
When a party is entitled to have a judgment by motion against an officer, for a failure to make due and proper return, or for a false or insufficient return of an execution, the interest is computed upon the principal *12 judgment from the time of its rendition, and added thereto; twelve and a half per cent, damages upon the principal and interest are then added, and judgment rendered for the aggregate sum. Code, 3594.
For the plaintiff in error it is insisted that the plaintiff below having received money collected upon the execution, has waived his right to a motion against the officer for the insufficiency of his return. In 2 Hum., 389, it was held that the receiving, from the Sheriff, by a plaintiff who had made a motion against him for a false return, of the amount of money the Sheriff returned he had collected, was a waiver of his motion. But in a later case, in 2 Swan, 442, wherein a motion was made against a Sheriff and his securities for an insufficient return, it is held that, if a plaintiff issue an alias execution, and receive a part of his judgment, it is no release of the Sheriff from the balance of the judgment and the damages given by statute, nor is it a waiver of the plaintiff’s motion against him to enforce it.
It is difficult to conceive upon what principle the receiving by the plaintiff, of a portion of the judgment due him, from his debtor or other party in default, should be held to operate as a release of the delinquent officer, in .the case of a motion for a false or for an insufficient return.
It is also insisted by plaintiff in error, that for failure to pay over money collected, the officer is liable only for the amount of the original judgment and interest thereon up to the time of the default made, and twelve and a half per cent, damages in lieu of interest.
Section 3600 of the Code authorizes a judgment by *13 motion before a Justice of the Peace, against Sheriffs, Constables and Coroners, for money collected by them, with or without judgment or execution, and provides expressly that the judgment shall be for the amount received, with interest thereon and damages.
By section 3592, the plaintiff is entitled to recover twelve and a half per cent, damages, in all cases where damages, on a motion, are allowed, where no specific different sum is given, on the principal and interest due at the time of the rendition of the judgment. And by section 3591 of Code, the Circuit Court has concurrent jurisdiction of all motions cognizable before a Justice of the Peace.
It follows, therefore, that an officer collecting money upon an execution, and failing to pay it over as required by law, is liable to the judgment creditor for the amount of the judgment and the interest thereon, to which will be added twelve and a half per cent, damages.
Let the judgment of the Court below be affirmed.